IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1680-04






RUTH BROOKS RICHERS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Price, J., filed an opinion concurring in the refusal of the appellant's petition
for discretionary review, in which Cochran, J., joined.


O P I N I O N 




 I agree with the Court that we should refuse the appellant's petition for
discretionary review. I write separately to explain my reasons for doing so.

 The appellant pleaded guilty to first-degree felony theft, and was sentenced to
twenty-five years' imprisonment and a $10,000 fine. The trial court certified that the
appellant had a right to appeal. The day after the appellant was sentenced, her trial
counsel was allowed to withdraw. The appellant filed a pro se notice of appeal twelve
days after the filing deadline, without attaching a motion for extension of time. The trial
court appointed appellate counsel two weeks after the notice of appeal was filed.

 The Court of Appeals dismissed the appeal for lack of jurisdiction, citing Olivo v.
State. (1) The Court of Appeals was correct in doing so. The late notice of appeal without a
motion for extension of time did not vest the Court of Appeals with jurisdiction of the
case. (2) And without jurisdiction, the Court of Appeals could not suspend the Rules of
Appellate Procedure.

 I understand the appellant's frustration. The record indicates that the lateness of
her notice of appeal was through no fault of her own. The appellant is not without a
remedy, however. She may file an application for writ of habeas corpus under Code of
Criminal Procedure Article 11.07. 

 With these comments, I join the Court in refusing the appellant's petition for
discretionary review.

Filed: February 9, 2005.

Do Not Publish.
1. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); see Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that the amendment to Rule of Appellate
Procedure 2 did not alter the policy requiring that a motion for extension of time be filed with an
untimely notice of appeal to vest the court of appeals with jurisdiction).
2. Ibid.